445 A.2d 108

**RED OAK COMPANY**

v.

**Lucy KEMPTON, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 21, 1981.

Filed Feb. 19, 1982.

Reargument Denied May 20, 1982.

Petition for Allowance of Appeal Denied July 19, 1982.

John P. Karoly, Jr., Allentown, for appellant.

Henry Perkin, Allentown, for appellee.

Before HESTER, POPOVICH and DiSALLE, JJ.

HESTER, Judge:

For the purposes of our disposition of this appeal, a brief summary of the procedural history of this matter will suffice. Appellee filed an action to Quiet Title on February 20, 1979 in the Court of Common Pleas of Lehigh County. The case was tried before the Honorable Maxwell E. Davison, sitting without a jury, on September 13, 14 and October 16, 1979. Judge Davison heard oral argument on December 12, 1979. The respective parties also submitted briefs for the Judge's consideration.

On March 4, 1980, Judge Davison filed an Opinion with an accompanying Order, which granted the relief requested in the appellee's action to Quiet Title against appellant. Copies of said Order were mailed to the parties on March 4, 1980.

Appellant failed to file exceptions to the Order of March 4, 1980, pursuant to Pa.R.C.P. 1067 and 1038, 42 Pa.C.S.A. Instead, on April 2, 1980, appellant filed a Notice of Appeal to this Court. On April 24, 1980, appellee filed a Motion to Dismiss the appeal. On July 17, 1980, this Court dismissed the appeal. On July 31, 1980, appellant filed an Application for Reconsideration. On November 3, 1980, this Court granted appellant's Application for Reconsideration, and the appeal was reinstated.

After reviewing the respective briefs of the parties concerning whether the appellant has properly preserved the substantive issues for appeal, it is our decision that this appeal must be dismissed.

This Court has repeatedly held that, pursuant to Pa.R.C.P. 1038(d), a party who objects to the lower court's decision must file exceptions, "[w]ithin ten (10) days after notice of the filing of the decision, . . . Matters not covered by exceptions are deemed waived . . .". The failure of a party to file exceptions pursuant to Pa.R.C.P. 1038(d) will preclude any further challenge of the lower court's decision. *In Re Custody of Frank*, 283 Pa.Super. 229, 423 A.2d 1229, 1232 (1980); *Matczak v. Matczak*, 275 Pa.Super. 164, 418 A.2d 663 (1980); *Gibson v. Miller*, 265 Pa.Super. 597, 402 A.2d 1033 (1979); *Canada Dry Bottling Company v. Mertz*, 264 Pa.Super. 480, 400 A.2d 186 (1979); *Blake v. Mayo Nursing Homes*, 245 Pa.Super. 274, 369 A.2d 400 (1976).

Pa.R.C.P. 1061(a) states "Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with Rules relating to the action of assumpsit."

Furthermore, Pa.R.C.P. 1067 states, "The trial of actions to Quiet Title by a judge sitting without a jury shall be in accordance with Assumpsit Rule 1038." Therefore, Rule 1038(d) is specifically applicable to an action to Quiet Title by virtue of Rule 1067. Under these circumstances and based upon our prior decisions, the instant appeal must be dismissed.

The appellant argues that the filing of exceptions in the instant case would be unnecessary since the legal issues involved were briefed and argued before the lower court prior to its decision on March 4, 1980. Appellant further contends that the filing of exceptions would be inconsistent with Pa.R.C.P. 1066, which specifies the form of judgment or order in a Quiet Title action.

We find these arguments unpersuasive due to the fact that Rule 1038 specifically applies to an action to Quiet Title, as clearly stated by Rule 1067. Rule 1066 only relates to the form of the judgment or order and does not, in any way, affect the requirement to file exceptions pursuant to Rule 1038(d) in order to preserve any issues for appeal.

We also note that, pursuant to Rule 1038(b), the issuance of specific findings of fact and conclusions of law with appropriate discussion is within the discretion of the trial judge and does not affect the requirement of filing of exceptions.

Appeal dismissed.

DiSALLE, J., did not participate in the consideration or review of this case.