623 A.2d 913

**Kevin DWIGHT, Appellant,**

v.

**GIRARD MEDICAL CENTER and City of Philadelphia and Commonwealth of Pennsylvania, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided March 19, 1993.

328

John J. Fonash, III, for appellant.

Allan E. Ells, Deputy Atty. Gen., for appellees.

Before CRAIG, President Judge, SMITH, J., and NARICK, Senior Judge.

SMITH, Judge.

Kevin Dwight appeals from an order of the Court of Common Pleas of Philadelphia County granting the motion for summary judgment filed by the Commonwealth of Pennsylvania, Department of Corrections (Department), and dismissing with prejudice Dwight's complaint against the Department. The issue raised for review is whether summary judgment was appropriate where it was based solely upon information

deemed admitted after Dwight's untimely response to the Department's request for admissions. For the following reasons, the trial court's order is reversed and this case is remanded to the court to allow Dwight to withdraw his admissions and proceed on the merits of the case.

In June 1990, Dwight filed an action against the Department, the City of Philadelphia, and Girard Medical Center alleging that he was injured in June 1987 while an inmate at the Philadelphia County Detention Center when he fell into a large hole in the main yard. The complaint states that this fall caused extensive damage to his leg, which was ignored, misdiagnosed, and mistreated by the defendants until June 7, 1988 when it was determined that Dwight suffered a chipped bone and ligament damage.[1]

During the course of discovery, the Department submitted to Dwight a request for admissions for which answers were due on or before November 18, 1990. Among the admissions sought by the Department were: at the time Dwight was received in the Department's custody on September 3, 1987, his leg had been casted due to a fracture; Dwight was subsequently transferred to the custody of the County of Philadelphia and back to the Department's custody; while in the Department's custody, Dwight was advised that he was in need of post-operative care following orthopedic surgery on his right knee; Dwight refused this post-operative care; Dwight failed to regularly appear for medication prescribed for him; Dwight refused to follow the recommendation of doctors to use two crutches, but instead used one crutch; and a series of admissions which generally state that Dwight received adequate and proper medical care and that the Department was neither negligent nor careless in its treatment of Dwight.

Dwight did not file an answer to the request for admissions by the specified date, allegedly due to his counsel's substantial difficulty in contacting Dwight. However, Dwight filed a

1. In response to the City of Philadelphia's preliminary objections, the trial court dismissed the City as a party to this action on February 19, 1991.

formal response to the request for admissions on April 17, 1991 which, while admitting some of the factual averments, denied most of the admissions set forth above. The Department filed a motion to strike Dwight's answer, which the trial court granted on May 17, 1991.[2] The admissions contained in the request were thus deemed admitted.

The Department filed a motion for summary judgment on July 19, 1991. Although the Medical Center filed a timely answer asserting that the dismissal of cross-claims against the Department would be inappropriate, Dwight did not file an answer by the due date of August 20, 1991. On August 28, 1991, the trial court entered its order granting summary judgment and dismissing Dwight's complaint against the Department. Dwight timely appealed to the Superior Court which transferred the case to this Court upon the Department's motion.

 When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Downing v. Philadelphia Housing Authority*, 148 Pa.Commonwealth Ct. 225, 610 A.2d 535, *appeal denied*, 532 Pa. 658, 615 A.2d 1314 (1992). Summary judgment is only appropriate when, after examining the record in favor of the non-moving party, there is no genuine issue of material fact and the movant clearly establishes entitlement to judgment as a matter of law. *Id.;* Pa.R.C.P. No. 1035(b). Summary judgment is to be granted only in the clearest of cases; all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979).

 The Department filed its request for admissions pursuant to Pa.R.C.P. No. 4014(a), which provides that the request

2. The trial court granted the Department's motion as uncontested. However, Dwight alleged in a subsequent petition for withdrawal of admissions that this was due to an error by the Department's counsel regarding the date the Department's motion would be presented to the trial court. Dwight's petition for withdrawal is further discussed *infra*.

may, without leave of court, be served upon the plaintiff after commencement of the action. Rule 4014(d) provides that any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. A court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtains the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Pa.R.C.P. No. 4014(d).

The trial court based its decision granting summary judgment on *Innovate, Inc. v. United Parcel Service, Inc.*, 275 Pa.Superior Ct. 276, 418 A.2d 720 (1980), which upheld a grant of summary judgment based upon admissions deemed admitted. The Superior Court reasoned that the defendant who submitted the request "would be prejudiced if the summary judgment in its favor was not entered as it would then have the burden of proceeding to trial and defending the action." *Id.* at 284–85, 418 A.2d at 724. However, the standards followed in that case are no longer applicable because the current Rule 4014 sets forth more liberal standards for permitting withdrawal of an admission. The former Rule 4014 was completely revised to conform to Rule 36 of the Federal Rules of Civil Procedure. *See* Explanatory Note (1978) to Rule 4014. Thus, this Court's construction of Rule 4014 must be consistent with the federal construction regarding Fed. R.Civ.P. 36.

Withdrawal of admissions should be granted where upholding the admission would practically eliminate any presentation of the merits of the case; where withdrawal would prevent manifest injustice; and where the party who obtained the admissions failed to prove that withdrawal would result in prejudice to that party.[3] *Westmoreland v. Triumph Motorcy-*

3. This Court notes that *Innovate, Inc.* held that the burden of establishing lack of prejudice to the party filing the request for admissions falls upon the party who failed to answer the request. Because the Superior Court was reviewing the former Rule 4014 and did not take into account the mandate of the revised Rule 4014 that the burden falls

*cle Corp.,* 71 F.R.D. 192 (D.Conn.1976). The test of prejudice turns on whether a party opposing the withdrawal is rendered less able to obtain the evidence required to prove the matters which had been admitted. *Teleprompter of Erie, Inc. v. City of Erie,* 567 F.Supp. 1277 (W.D.Pa.1983); *Rabil v. Swafford,* 128 F.R.D. 1 (D.D.C.1989).

 Furthermore, if the subject matter of the admissions is broad and far-reaching, a court should permit withdrawal in the absence of bad faith or substantial prejudice. *Teleprompter of Erie, Inc.; Szatanek v. McDonnell Douglas Corp.,* 109 F.R.D. 37 (W.D.N.Y.1985). Moreover, requests for admissions must call for matters of fact rather than legal opinions and conclusions. *California v. The Jules Fribourg,* 19 F.R.D. 432 (N.D.Cal.1955). Since conclusions of law are not within the permissible scope of requests for admissions under Rule 4014, those statements in the requests for admissions which constitute conclusions of law are not properly before the court. *Commonwealth v. Diamond Shamrock Chemical Co.,* 38 Pa.Commonwealth Ct. 89, 391 A.2d 1333 (1978).

 The Department in its motion for summary judgment and the trial court in granting the motion relied upon the Department's request for admissions which stated, inter alia: that adequate and proper medical treatment was made available to Dwight; that he received adequate and proper medical care when he permitted it to be provided; that the care given was appropriate and proper under the circumstances; and that the Department was not negligent or careless in any respect. *See* Nos. 18–22 of the Request for Admissions. These are not matters of fact but are conclusions of law not within the permissible scope of request for admissions and thus were not properly before the trial court in considering the Department's motion for summary judgment.

 Additionally, by deeming the requests admitted, despite Dwight's having submitted answers to the requests, the

upon the party who obtained the admission to show lack of prejudice in maintaining the action, its holding in this regard is no longer valid.

trial court has totally eliminated any presentation of the merits of Dwight's case against the Department. This is in keeping neither with the plain language of Rule 4014 nor with the standards favoring a resolution of an action on the merits. Furthermore, the Department did not assert that withdrawal of the admissions would prejudice it in maintaining its defense on the merits, and the record contains no evidence that would support such an assertion. Therefore, since reliance upon the defective requests for admissions eliminated any presentation of the merits of Dwight's case, the trial court's grant of summary judgment was premature.

■■■ Notwithstanding the trial court's error in prematurely granting the Department's motion for summary judgment, it is incumbent upon this Court to address several matters regarding the record in this case. Dwight and the Department expend considerable argument involving actions and documents dated subsequent to Dwight's appeal from the grant of summary judgment which are not contained in the certified record. Both parties have appended to their briefs the documents upon which they rely, thereby ignoring the rule that this Court is bound by the facts certified in the record on appeal and may not consider auxiliary information appended to the brief which is not part of the certified record. *McKenna v. Pennsylvania State Horse Racing Comm'n.*, 83 Pa.Commonwealth Ct. 116, 476 A.2d 505 (1984).[4]

Furthermore, both parties cite to a December 19, 1991 trial court order granting Dwight leave to withdraw his admissions and permission to file verified answers to the admissions within twenty days. It is unclear whether the December 19 order is relevant to the issues being considered sub judice. The caption of that order lists only the Girard Medical Center

4. Among the items appended to the parties' briefs are documents regarding Dwight's response to the Department's motion for summary judgment and his petition for withdrawal of admissions. While this Court may not consider the merits of these documents, *McKenna,* they do, however, indicate considerable confusion regarding the dates on which Dwight filed his response and his petition. Upon remand, the record should be clarified in this regard. *See Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626, 241 A.2d 81 (1968); *Commonwealth v. Doranzo,* 309 Pa.Superior Ct. 473, 455 A.2d 708 (1983).

as defendant, and it is not clear from the text of the order whether it was meant to pertain to the Department, although both parties in their briefs appear to assume that the December 19 order did indeed pertain to Dwight's action against the Department.

Accepting *arguendo* the parties' assumption, this Court is compelled to note that the trial court would have been without jurisdiction to enter such an order. Under the rules then in effect, an order granting summary judgment to some, but not all, defendants in a multiple-defendant suit is a final appealable order as to those defendants released from litigation. *O'Neill v. Checker Motors Corp.*, 389 Pa.Superior Ct. 430, 567 A.2d 680 (1989). In such a situation, as here, Pa.R.A.P. 1701(a) provides that the subject matter jurisdiction of the trial court over those defendants is removed for so long as an appeal from the order issued earlier in the proceeding is pending. *Commonwealth v. Piscanio*, 530 Pa. 293, 608 A.2d 1027 (1992). Thus, any orders pertaining to Dwight's claims against the Department made subsequent to Dwight's appeal would be a nullity. *See Kozak v. City of Philadelphia*, 313 Pa.Superior Ct. 89, 459 A.2d 424 (1983).[5]

### ORDER

AND NOW, this 19th day of March, 1993, the order of the Court of Common Pleas of Philadelphia County dated August 28, 1991 is reversed and the case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

NARICK, Senior Judge, dissents.

---

**5.** The Department also asserts that this Court could uphold the trial court's order on the alternative ground that Dwight's action was not filed within the applicable statute of limitations. However, the record is not adequate to permit such a holding.