**P.S. HYSONG**

v.

**Robert Allen LEWICKI and Joseph William Lewicki, Jr., Appellants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 31, 2002.
Decided Oct. 24, 2002.
Reargument En Banc Denied
Dec. 13, 2002.

Samuel S. Pangburn, Pittsburgh, for appellants.

David E. Holland, Erie, for appellee.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Robert Allen Lewicki and his brother Joseph William Lewicki, Jr. appeal from the order of the Court of Common Pleas of Washington County of October 15, 2001 in the action to quiet title filed by P.S. Hysong in which the trial court decreed that Hysong was the owner in fee simple of a property of 48.9 acres in Washington County, that she was granted possession of the property and the Lewickis were ordered to vacate it, that the Lewickis had no interest in the property and that the upset tax sale of the property conducted by the Washington County Tax Claim Bureau (Bureau) on September 19, 2000 was valid and proper and served to divest the Lewickis of all right to the property.

The trial court filed a memorandum opinion and order dated January 24, 2002, affirming its ruling that disallowed the late filing of the Lewickis' answers to the requests for admissions submitted by Hysong. The Lewickis question whether the trial court should have permitted their counsel to withdraw or to amend his untimely served response to the request for admissions in order to permit evidence on the merits and whether the trial court erred as to its final decision.

## I

On September 19, 2000, Hysong purchased the subject property at an upset tax sale conducted by the Bureau. On January 29, 2001, she recorded a deed to her from the Bureau. Hysong filed a complaint in action to quiet title against the Lewickis on March 1, 2001, seeking to validate the tax sale and to divest the Lewickis of any interest in the property and to secure an order that they and all those claiming under them vacate the premises. In their answer and new matter the Lewickis admitted that Robert Allen Lewicki resides at 44 Lewicki Road, Canonsburg. They denied that Joseph William Lewicki, Jr. resides there, averring instead that he resides at 84 Chubbic Road, Canonsburg. They admitted the recording of the deed, but they denied any requests to vacate the property, which they admitted occupying through their tenants. In new matter they averred that they first became aware of the sale on March 11, 2001, with publication of the recording of the deed. They asserted that the Bureau knew the address of Joseph William Lewicki, Jr. and that he had requested that notices be sent to his address, but that was not done. Further, they averred that the premises were not posted before the tax sale and that they did not receive any notice of the sale after it took place and of their right to object. Hysong's counsel took depositions of Robert Allen Lewicki and Joseph William Lewicki, Jr. on May 15, 2001.

On May 22, 2001, Hysong's counsel, David E. Holland, Esq., mailed to the Lewickis' then counsel, David W. Zeman, Esq., twenty-five requests for admissions pursuant to Pa. R.C.P. No. 4014 and a request for the production of documents, to be answered within thirty days. Counsel received no response, and he sent other letters, via certified mail, stating that it was imperative that the answers be filed immediately. In August Holland advised Zeman of the trial date of September 25, 2001 at 9:30 a.m. On the morning of trial Zeman handed to Holland the answers to

the requests for admissions, which included eleven admissions and fourteen denials. The Lewickis admitted matters relating to Robert Allen Lewicki's receipt of mailed notice of the tax sale, but they denied that Joseph William Lewicki, Jr. received and signed for notice and denied that the property was posted, that post-sale notice was provided or that they had actual notice of the tax sale. Holland informed the trial court that he had not seen the answers before that moment, and he asked that all the requests be deemed admitted pursuant to Pa. R.C.P. No. 4014 in accordance with a memorandum of law that he submitted. Zeman offered no excuse for the failure to file or to return the answers earlier.

The trial court decided to proceed by assuming for the purpose of that day's hearing that the admissions were admitted, but reserving a ruling on that point until he received a brief from Zeman. The trial judge stated that he would take additional testimony beyond the admissions, and Hysong called Yvonne Orsatti, the Finance and Operations Manager of the Bureau, and called Robert Allen Lewicki as of cross-examination. Orsatti testified that property taxes were delinquent on this property for the years 1993, 1994, 1995, 1996, 1997, 1998 and 1999. The property had been listed for tax sale in 1998 and in 1999, but in each case the taxes were paid before sale. She testified as to a courtesy letter sent in March 2000 concerning sale of property at the September 2000 tax sale and as to publication of the notices of tax sale in newspapers. Also she stated that in addition to signed return receipts for notices sent to Robert Allen Lewicki and Joseph William Lewicki, Jr., the Bureau received receipts for notices sent to Genevieve Lewicki and Joseph William Lewicki, Sr. signed by Robert Allen Lewicki and indicating that each addressee was deceased.

Robert Allen Lewicki testified that he received and signed for three certified mail envelopes from the Bureau on July 29, 2000, that he knew at the time that the taxes had been delinquent for four or five years and that if the taxes were not paid the county would sell the property at a tax sale. He stated that he did not want to think about the taxes because he was having medical problems. On examination by Zeman he stated that he had taken medication for pain in his left leg on the day the notices arrived; he received certified letters and signed for them, placed the envelopes on a counter and then lay down again. He recalled speaking with his brother that summer about the delinquent taxes and stating that he was going to pay them. At the close of the hearing the trial judge stated that he was giving Zeman fourteen days to file a brief on the issue of deemed admissions, to include a discussion of the issue for which counsel would need testimony. If the admissions were deemed admitted, the trial court would decide the case on the basis of the admissions and the testimony received. If they were not, the trial court would open the record and allow Hysong to present any other witnesses and the Lewickis to present any witnesses they wished to call.

On October 15, 2001, the trial court issued the order decreeing that Hysong was the owner of the property, that the tax sale was valid and that the Lewickis had no right to the property. The order did not expressly address the issue of the deemed admissions. The Lewickis filed a notice of appeal on November 13, 2001, and on January 24, 2002, the trial court issued a memorandum opinion and order detailing the history of the request for admissions and discussing the application of Rule 4014. The court noted the expansion of the rule to conform to Federal Rule of Civil Procedure 36, which allows a more

liberal standard for withdrawal of admissions, citing *Dwight v. Girard Medical Center*, 154 Pa.Cmwlth. 326, 623 A.2d 913 (1993). Nevertheless, based upon cases including *Hadley v. United States*, 45 F.3d 1345 (9th Cir.1995), recognizing prejudice to the party requesting the admissions if they are not answered in the permitted time, the court affirmed its ruling that disallowed the late filing. The court noted that no reason had been offered to justify a late filing that would prejudice Hysong.[1]

## II

The Court turns first to Hysong's contentions that the Lewickis' appeal should be dismissed without consideration of the merits. Initially, Hysong asserts that the Lewickis did not raise and preserve any challenge to the trial court's ruling on the admissions because this is in the nature of a ruling on the admission of evidence, and they did not object at trial or make an offer of proof as required by Pa. R.E. 103(a). As the description above makes plain, the trial court expressly permitted Zeman to file a brief within fourteen days on the deemed admissions issue and what other testimony was needed. As to Hysong's assertion that the Lewickis made no offer of proof, the Court concludes that the issue of the amendment or withdrawal of admissions deemed to be admitted because of an untimely filing is a question of law distinct from the issue of admission of evidence under Rule 103(a). Therefore, it is not subject to the offer of proof requirement.

Next, Hysong argues that the Lewickis failed to preserve any issue because they failed to file post-trial motions pursuant to Pa. R.C.P. No. 227.1. Rule 227.1(c) provides that post-trial motions shall be filed within ten days after "notice of nonsuit or of the filing of the decision or adjudication in the case of a trial without a jury." In *Red Oak Co. v. Kempton*, 298 Pa.Super. 516, 445 A.2d 108 (1982), after a trial court granted relief to a petitioner in a quiet title action, the protesting party filed a notice of appeal. The Superior Court dismissed the appeal, noting that Pa. R.C.P. No. 1061(a) stated that except as otherwise provided, the procedure in the action to quiet title should be in accordance with an action in assumpsit and that former Pa. R.C.P. No. 1038(d), the predecessor to Rule 227.1, required a party to file exceptions within ten days and provided that matters not covered by such exceptions were waived. Hysong notes that the Superior Court recently dismissed an appeal in a quiet title action, where the appellant filed post-trial motions several days late, and the trial court declined to consider the merits on that basis. *Kennel v. Thomas*, 804 A.2d 667 (Pa.Super.2002).

The Lewickis note that the trial court's order of October 15, 2001 made no reference to the issue of admissions, and they characterize the trial judge's action on September 25, 2001 as temporarily closing the record pending his decision on the admissions.[2] They assert that their ap-

---

1. This Court's review in tax sale cases is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence or clearly erred as a matter of law. *In re Delinquent Tax by Elk County*, 793 A.2d 1025 (Pa. Cmwlth.2002).

2. In their reply brief, Lewickis append (1) an affidavit by Zeman relating to his understand-

ing of the procedure instituted by the trial court on September 25, 2001; (2) a memorandum of law opposing admissions that assertedly was submitted to the trial court after the hearing but never filed with the prothonotary and therefore never made part of the certified record; and (3) a second memorandum also assertedly submitted to the trial court but not filed. In *Dwight* the Court commented on the fact that both parties ar-

peal was an interlocutory appeal as of right under Pa. R.A.P. 311(a)(2), which authorizes such an appeal from an order "confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting possession or control of property" except for orders under specific divorce code sections. The Court is not persuaded that judgments in quiet title actions fall under Rule 311(a)(2), but the Court agrees that confusion was possible in this case. The trial court's first order did not address the issue of admissions at all. Nevertheless, the trial court addressed the issue and explained its decision to deem matters admitted in its opinion. As noted in *Kennel,* the Superior Court has held that where a trial court addressed untimely filed post-trial motions on the merits, the appellate court was bound to review the merits. *Terletsky v. Prudential Property & Cas. Ins. Co.,* 437 Pa.Super. 108, 649 A.2d 680 (1994).

The Lewickis argue that the trial court should have allowed them to withdraw their admissions or to amend them to include the fourteen denials so that they could present testimony on the merits of the case as opposed to the court's deferring testimony until it received briefs and decided whether the later service would be permitted or denied. They specifically contend that the trial court's refusal to allow them to present testimony and evidence on their denials related to the types of notice to each owner go to the heart of their case, i.e., the validity of the tax sale. In addition, the Lewickis maintain that Hysong cannot demonstrate that any prejudice would result from the Lewickis' withdrawal or amendment of their admissions. They assert that any withdrawal or amendment of the admissions would require Hysong simply to present sufficient evidence to prove her case.

■ In *Dwight,* in view of the modification of Rule 4014 to conform to Fed. R.Civ.P. 36, the Court held that withdrawal of admissions should be granted when upholding them would practically eliminate any presentation of the merits, when withdrawal would prevent manifest injustice and when the party who obtained the admissions failed to prove that withdrawal would result in prejudice, meaning that the party would be less able to obtain evidence to prove the matters admitted. Rule 36(b) expressly provides that a court on motion may permit withdrawal or amendment of admissions where presentation of the merits will be subserved and the party who obtained the admission fails to convince the court that it will suffer prejudice. This provision emphasizes the importance of resolving an action on the merits and "permits withdrawal where it promotes a decision on the merits while not prejudicing the party who obtained the admission." *Bergemann v. United States,* 820 F.2d 1117, 1121 (10th Cir.1987).

■ Hysong argues that a different standard applies when a request to withdraw or amend admissions is made at trial rather than before, under cases interpreting Rule 36. Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to Rule 36, once trial has begun a court may grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice. *Farr Man & Co., Inc. v. M/V Rozita,* 903 F.2d 871 (1st Cir.1990); *Brook*

gued concerning matters subsequent to the grant of summary judgment under appeal, attaching supporting documents to their briefs. The Court stressed that it is bound by

the facts certified in the record on appeal and may not consider auxiliary material appended to a brief that is not part of the certified record.

*Village N. Assocs. v. General Electric Co.,* 686 F.2d 66 (1st Cir.1982). In *American Automobile Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.,* 930 F.2d 1117 (5th Cir.1991), where a district court sua sponte deemed one admission to be withdrawn and disregarded another, the court stated that the fact that the party found more credible by the district court might lose a lawsuit because of its patent disregard of procedural rules does not rise to the level of manifest injustice.

At the close of the hearing the Lewickis' counsel stated that even with the admissions there was an issue involved for which he would need testimony. Counsel had present the Lewickis, Joseph William Lewicki, Jr.'s wife and the tenants who leased the farmhouse at 48 Lewicki Road. The trial court stated that counsel should let the court know what evidence that was in the brief to be filed with the judge and then stated that the record would be closed "temporarily." The Lewickis refer to this exchange to support their contention that counsel considered the trial court's October 2001 order to be interlocutory. This Court is concerned, however, that the effect of the trial court's rulings was to dispose of the case on the basis of deemed admissions without affording the Lewickis the opportunity to adduce evidence to support their claim that other issues could prove dispositive.

The Lewickis argue in their reply brief that Robert Allen Lewicki was an "owner occupant" of the property and as such was entitled to written, personal notice within ten days of the sale pursuant to Section 601(a)(3) of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.601(a)(3). This issue was not addressed in the admissions. Although the Bureau's witness was permitted to testify to a notation by another that

personal service was refused, the trial court's ruling on the basis of deemed admissions and the testimony presented by Hysong denied the Lewickis an opportunity to present evidence on this point. The trial court's opinion did not address this issue. Therefore, the Court shall vacate the trial court's order and remand this case to allow the Lewickis an opportunity to present evidence on matters not covered by the deemed admissions. On remand the trial court may reconsider its ruling on the deemed admissions, if requested to do so by the Lewickis. If the trial court permits withdrawal or amendment of the deemed admissions, the Lewickis should be afforded an opportunity to present evidence as to all matters in dispute.

### *ORDER*

AND NOW, this 24th day of October, 2002, the order of the Court of Common Pleas of Washington County is vacated, and this case is remanded for the purpose of permitting Robert Allen Lewicki and Joseph William Lewicki, Jr. to present their evidence relating to relevant matters not covered by the request for admissions. The Lewickis may request that the trial court reconsider its ruling that their untimely admissions were deemed admitted.

Jurisdiction is relinquished.