**Savage v. Young Galvanizing Inc.**

C.P. of Lawrence County, no. 10534 of 2000.

*Marvin Abrams,* for plaintiff.
*Patrick L. Mechas,* for defendant Young Galvanizing Inc.

COX, *J.,* January 11, 2007—Plaintiff in the instant matter, Tyrone Savage, has filed an appeal in response to an order dated November 17, 2006, in which this court granted defendant, Young Galvanizing Inc.'s, motion for summary judgment. Thereafter, in response to this court's order, plaintiff timely filed a statement of matters complained of on appeal. More specifically, plaintiff contends that genuine issues of material fact remain unresolved as to his employment status and the nature of the relationship between the defendants and, therefore, summary judgment was improperly granted.

On June 10, 1998, plaintiff was injured at defendant Young Galvanizing Inc.'s facility, located in Pulaski Township, Pennsylvania, when he was struck in his right arm by a steel beam. Plaintiff sustained severe injuries,

including amputation of the right arm below the elbow. After sustaining the injuries, plaintiff attempted to file a workers' compensation claim and discovered he was under the insurance coverage of defendant Thornton Temporary Services, a "staffing firm" which recruits employees for either temporary or temporary to permanent employment.[1] Plaintiff contends that he never heard of Thornton and, therefore, could not be an employee of the company. Additionally, plaintiff claims that defendant Young denied being his employer. As a result, plaintiff argues that he was an independent contractor when he was injured. In May of 2000, plaintiff brought a negligence action against Young as well as claims for fraud and misrepresentation and punitive damages against all named defendants.

Defendant Young filed a motion for summary judgment claiming, at the time of the incident, it was plaintiff's statutory employer on the theory that plaintiff was a "borrowed employee."[2] As such, defendant Young claims it is immune from tort liability under the Workers' Compensation Act, 77 P.S. §481.[3] Plaintiff, on the other hand, contends that he was an independent contractor and has the ability to bring tort suits against the defendants. On November 17, 2006, this court entered an

---

1. Plaintiff identifies potential discrepancies relating to the staffing agency that actually employed him.

2. See page 386 *infra*.

3. 77 P.S. §481(a) provides that "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes (sic), his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108."

order granting defendant's motion for summary judgment on the grounds that plaintiff failed to establish a meritorious claim that he was entitled to bring a claim sounding in tort, even though he was given a generous amount of time to complete discovery and provide this court with evidence to support his suit.

Summary judgment is a procedural rule utilized to eliminate cases prior to trial when it is established that a party is unable to consummate a claim or defense after the opportunity to complete relevant discovery. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). Any party may move for summary judgment, but the moving party bears the burden of demonstrating that no genuine issue of material fact exists and he or she is entitled to judgment as a matter of law. *Kafando v. Erie Ceramic Arts Company,* 764 A.2d 59, 61 (Pa. Super. 2000) citing *Rush v. Philadelphia Newspapers Inc.,* 732 A.2d 648, 650-51 (Pa. Super. 1999). Accordingly, "[t]he reviewing court must view the record in the light most favorable to the non-moving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. . . . Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment." *Kvaerner Metals Division of Kvaerner U.S. Inc. v. Commercial Union Insurance Co.,* 589 Pa. 317, 329, 908 A.2d 888, 895-96 (2006).

Although the moving party bears the burden of proving the absence of any genuine issue of material fact, the non-moving party cannot ignore the motion and merely rely on the allegations or denials of their pleadings to avoid summary judgment. See Pa.R.C.P. 1035(d). Rather, the non-moving party must respond to a motion for

summary judgment and expound to the court that a genuine issue of material fact remains for trial. *DeSantis v. Frick Company,* 745 A.2d 624 (Pa. Super. 1999). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof . . . establishes the entitlement of the moving party to judgment as a matter of law." *Stephens v. Paris Cleaners Inc.,* 885 A.2d 59, 63 (Pa. Super. 2005) quoting *Murphy v. Duquesne University of the Holy Ghost,* 565 Pa. 571, 590, 777 A.2d 418, 429 (2001).

When an appellate court reviews an order granting summary judgment, "the court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion." *Dwight v. Girard Medical Center,* 154 Pa. Commw. 326, 623 A.2d 913 (1993). Thus, an appellate court will reverse a trial court's granting of a motion for summary judgment only "upon a finding that a genuine issue of material fact exists or where the moving party was not entitled to such a judgment as a matter of law." *Wilkes ex rel. Mason v. Phoenix Home Life Mutual Insurance Co.,* 587 Pa. 590, 606, 902 A.2d 366, 375 (2006) citing *Mullin v. PennDOT,* 582 Pa. 127, 135, 870 A.2d 773, 778 (2005).

In the case sub judice, the plaintiff has had ample opportunity to complete relevant discovery and establish his claim. On March 17, 2005, seven years after the incident and five years after filing suit, upon plaintiff's request, this court granted plaintiff a 90-day extension to complete discovery. Obviously, this amount of time was not sufficient, and on March 16, 2006, this court once again granted plaintiff's request for an extension to complete and review discovery, this time allowing 120

days. This court opines that, even after this considerable amount of time, plaintiff still failed to produce evidence supporting his claim that he was an independent contractor.

Case law clearly sets forth a test to determine whether a person is an employee or independent contractor. See *Weatherly Area School District v. Whitewater Challengers Inc.,* 532 Pa. 504, 616 A.2d 620 (1992). In *Weatherly,* the court stated:

"The test for determining whether one is a servant or an independent contractor as [sic] follows:

"The legal distinction between an employee and an independent contractor is so well established as to require little, if any, discussion. The characteristic of the former relationship is that the master not only controls the result of the work but has the right to direct the way in which it shall be done, whereas the characteristic of the latter is that the person engaged in the work has the exclusive control of the manner of performing it, being responsible only for the result. . . . 'Broadly stated, if the contractor is under the control of the employer, he is a servant; if not under such control, he is an independent contractor . . . . It is not . . . the fact of actual interference or exercise of control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor.'" *Id.* at 508, 616 A.2d at 622 citing *Moon Area School District v. Garzony,* 522 Pa. 178, 190, 560 A.2d 1361, 1367 (1989) (citing *Feller v. New Amsterdam Casualty,* 363 Pa. 483, 486, 70 A.2d 299, 300 (1950)). This test clearly illustrates that *control* is a significant factor in distinguishing an employee and independent contractor. In *Fye v. Woodland Forrest Products Inc.,* 39 D.&C.4th 420, 427 (Clearfield Cty. 1998), the court stated that control is also a signifi-

cant factor in "borrowed employee" cases. The court acknowledged that "under the common-law definition of the master-servant relationship, whether a servant furnished by one person to another becomes the employee of the person to whom he is loaned is determined by whether 'he continues liable to the direction and control of his master, or becomes subject to that of the party to whom he is lent or hired.' . . . *The right to control performance of work is the overriding factor in determining whether employee-employer relationship exists.* . . . Moreover, the existence of the right to control the work to be done and the manner of performance is critical irrespective of whether the control is exercised." *Id.* at 427. (citations omitted) (emphasis added)

In the case at bar, plaintiff failed to produce any evidence to suggest defendant Young did not maintain control of how, when, and where the work plaintiff performed would be carried out. Rather, the facts presented by the defendant to this court clearly illustrate defendant Young controlled all aspects of the work plaintiff would perform while employed. The facts demonstrate defendant Young hired plaintiff to perform general labor duties, a position commonly held by hired employees, not independent contractors. Further, in the deposition of Richard Bookser, a representative of Select Staff, he testified that defendant Young would have provided all training and job orientation as well as supervision of plaintiff's day-to-day work performance. Also, Mr. Bookser testified that defendant Young would have assigned to Mr. Savage the particular tasks for which he was responsible each day.[4] Moreover, defendant Young had the right to terminate the employment of plaintiff at

---

4. Mr. Bookser confirmed that defendant Young would provide "[d]ay-to-day instructions, by hour, by half hour, what to do and when

any time. Therefore, this court is of the opinion that these facts generate the impression that defendant Young was in control of plaintiff when the injury occurred. (See depo. of Richard Bookser, p. 95, line 10 to p. 97, line 14.)

Additionally, the Pennsylvania Supreme Court has stated, "one cannot be 'customarily engaged in an independently established trade, occupation, profession or business' where 'he is dependent upon another for the continuance of his employment and thus becomes unemployed through no fault of his own.'" *Danielle Viktor Ltd. v. Department of Labor and Industry,* 586 Pa. 196, 224, 892 A.2d 781, 798 (2006). Rather, a person may be considered an independent contractor "only if he or she is in business for himself or herself." *Viktor supra.* Again, plaintiff identifies no evidence that would indicate his continued employment was not dependent upon another person or entity. Nor did the plaintiff establish any evidence suggesting he is in business for himself. Rather, the evidence indicates he was an employee of another. For example, during Dr. John Thornton's deposition, he identified his documents that related to his payroll report for the quarter ending on June 30, 1998. (See John Thornton depo. pp. 31-32.) In this report, it demonstrated that plaintiff was paid wages from Select Staffing Inc. for work performed in June of 1998. (See *id.,* pp. 33-34.) Moreover, after plaintiff was injured, he attempted to file a workers' compensation claim and became aware that he was covered under the insurance of defendant Thorn-

---

to do it and when to take a break, how to do [his] job . . . ," which indicates defendant Young exercised total control over an employee, regardless of whether they were hired from a temporary staff or regularly employed by the company.

ton Temporary Services.[5] In consideration of all the facts presented to this court, it is clear that at the time of injury, plaintiff was "borrowed" by defendant Young from a staffing agency operated by John Thornton.

This court concludes that the evidence presented clearly establishes that plaintiff was an employee, not an independent contractor. Thus, even when viewing the record in the light most favorable to the plaintiff, this court determined that the defendant has clearly established the non-existence of a genuine issue of material fact and plaintiff failed to provide sufficient evidence to support his claim. Plaintiff may have established that a genuine issue of material fact may remain as to which agency employed plaintiff. However, resolution of this issue would still result in the denial of plaintiff's tort claims in accordance with 77 P.S. §481. This court maintains the plaintiff's only avenue for redress of his injuries is via workers' compensation. Therefore, this court's order granting defendant Young's motion for summary judgment was proper.

## ORDER

Now this January 11, 2007, an appeal having been filed in the above-captioned case, the court directs that the attached opinion be filed to satisfy the requirements of Pa.R.A.P. 1925(a). The prothonotary of Lawrence County is directed to immediately assemble the record

---

5. There was evidence presented to this court which shows Thornton Temporary Services ceased operation prior to plaintiff's injury. Although it is unclear why Thornton was named the insurance carrier when plaintiff filed his workers' compensation claim, Dr. Thornton's deposition clearly illustrates his company has changed its name several times.

and transmit said record to the Superior Court of Pennsylvania as required by the applicable Rules of Appellate Procedure.

The prothonotary is directed to serve a copy of this order of court and attached opinion upon counsel of record, Marvin Abrams, Esquire and Patrick L. Mechas, Esquire.