# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra Joers and Ralph D'Abruzzo, II  :
                                  :
            v.                   :
                                  : No. 1659 C.D. 2017
City of Philadelphia and Yvette Leduc  : Argued: June 7, 2018
                                  :
Appeal of: City of Philadelphia  :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                       **FILED:  July 19, 2018**

This is an appeal filed by the City of Philadelphia (City) from an order of the Court of Common Pleas of Philadelphia County (trial court) entering judgment against the City following a jury verdict against it and its employee, Police Officer Yvette Leduc (Officer Leduc) in a personal injury automobile accident case brought by Debra Joers and her husband Ralph D'Abruzzo, II (collectively, Plaintiffs). The appeal does not challenge the jury's verdict against Officer Leduc or the amount of damages awarded by the jury. The issues in this appeal involve only the City's vicarious liability for the accident. For the reasons set forth below, we affirm on the ground that the City was bound by deemed admissions that Officer Leduc was acting in the scope of her employment at the time of the accident where it failed to respond to requests for admissions until three months after the discovery deadline and approximately one month before trial.

At approximately 7:45 a.m. on September 30, 2015, Plaintiff Joers was struck and injured by Officer Leduc's vehicle when Joers was crossing an intersection in Center City Philadelphia. (5/15/17 Trial Transcript (N.T.) at 75-83, Reproduced Record (R.R.) at 138-140.) At the time of the accident, Officer Leduc was driving her personal car from her house to a criminal court hearing at which she was required to appear and testify in her capacity as a police officer and was in uniform and carrying her service weapon. (*Id.* at 161-65, R.R. at 160-161; 5/16/17 N.T. at 60-61, 69, R.R. at 184-185, 187.) Plaintiff Joers suffered fractures of her left arm and left leg in the accident that required surgery, hospitalization and rehabilitation.

On February 29, 2016, Plaintiffs filed a complaint against the City and Officer Leduc alleging that Officer Leduc was negligent and that the City was liable for her actions on the ground that she was acting within the scope of her employment at the time of the accident. The City denied the averments of Plaintiffs' complaint. The trial court's case management order required that all discovery be completed by January 2, 2017 and that the case be ready for trial by May 1, 2017. (Docket Entries, R.R. at 32.)

On September 7, 2016, Plaintiffs served on the City a set of requests for admissions pursuant to Pa. R.C.P. No. 4014 (the Request for Admissions) seeking admissions concerning the accident, Officer Leduc's employment with the City, and Plaintiff Joers' injuries and damages. Among the items that Plaintiffs requested that the City admit were the following:

> 6. During the week of Sunday, September 27, 2015 through Saturday October 3, 2015, Leduc's regularly scheduled shift was 7:00 a.m. to 3:00 p.m.
>
>            *              *              *

17. Police officers employed by the City are acting within the scope of their employment when they are traveling to court to provide testimony in criminal matters pursuant to subpoena.

     \*       \*       \*

27. At the time Leduc struck Plaintiff Deborah Joers on Wednesday, September 30, 2015, Leduc was being compensated for her time by the City.

     \*       \*       \*

30. If Leduc had not been on her way to the Criminal Justice Center on Wednesday, September 30, 2015 at approximately 7:45 a.m., she would have been working as a patrol officer at the 39th District of the Philadelphia Police Department.

31. On Wednesday, September 30, 2015, Leduc's hours of work were 7:00 a.m. to 3:00 p.m.

32. At the time Leduc struck Plaintiff Deborah Joers on Wednesday, September 30, 2015, Leduc was acting within the course and scope of her employment with the City.

33. On Wednesday, September 30, 2015, at approximately 7:45 a.m., Leduc was acting in the course and scope of her employment.

34. On Wednesday, September 30, 2015, at approximately 7:45 a.m., Leduc was not pursuing an activity unreleated [sic] to her employment.

35. On Wednesday, September 30, 2015, at approximately 7:45 a.m., Leduc was acting in furtherance of the City's interests by traveling to the Criminal Justice Center to provide testimony in a criminal matter.

(R.R. at 98-101.) The City did not serve any answers, objections, or response of any kind to the Request for Admissions within 30 days or at any time before the January 2, 2017 discovery deadline.

On December 20, 2016, prior to the discovery deadline, Plaintiffs took Officer Leduc's deposition. In her deposition, Officer Leduc testified that her regular hours were 7:00 a.m. to 3:15 p.m. when she worked in the police district to which she was assigned, but that her scheduled work hours for September 30, 2015 were 8:00 a.m. to 4:00 p.m. or 4:15 p.m. because she was testifying in court. (Leduc Dep. at

3

34, 40-43, 52, 80-81, R.R. at 57-59, 61, 68-69.) Officer Leduc testified that she was in uniform and carrying her service weapon, but that she was driving her own car and was not being paid by the City for her time traveling to court. (*Id.* at 14-16, 28, 44-45, R.R. at 52, 55, 59-60.) Officer Leduc also testified that she believed that she was acting within the scope of her employment because she was traveling to court to give testimony at the time of the accident and was in uniform and could be required to take police action. (*Id.* at 42-45, 65-69, R.R. at 59, 65-66.)

On March 6, 2017, the City filed a motion for summary judgment contending that the undisputed facts established that Officer Leduc was not acting in the scope of her employment at the time of the accident. (Trial Court Record Item (R. Item) 25.) Plaintiffs, in their response filed on March 24, 2017, argued that the motion should be denied both because the City's failure to respond to the Request for Admissions established as a matter of law that Officer Leduc was acting within the scope of her employment and because Officer Leduc's testimony was sufficient to show that she was acting within the scope of her employment. (R. Item 26, Plaintiffs' Answer to City Motion for Summary Judgment ¶¶6, 19 and Memorandum of Law at 1, 7-10.)

On April 5, 2017, three months after the discovery deadline and less than one month before the case was to be ready for trial, the City served a response to the Request for Admissions in which it admitted some of the requests and denied other requests. (R.R. at 105-109.) In that response, the City answered Requests Nos. 6, 17, 27, and 30-35 as follows:

> 6. Denied. See City of Philadelphia Police Department Listing of DARS[1] for September of 2015 and deposition testimony of Leduc discussing same. Leduc was off on September 27 and 28,

---

[1] The City payroll records showing Officer Leduc's hours are called "DARS" records. The parties do not state what this acronym stands for.

was scheduled to be on duty 7:am-3:15 pm on September 29 and was scheduled to be on duty 8:am to 4:15 pm on September 30, 2015.

\* \* \*

17. Denied.

\* \* \*

27. Denied. At the time of the accident, Yvette Leduc was not within scheduled work hours and was not being compensated.

\* \* \*

30. Denied. On September 30, 2015, Leduc was not scheduled to begin work until 8:00 am. It is unknown what she would have been doing before that time.

31. Denied. Denied. See City of Philadelphia Police Department Listing of DARS, which indicates that Leduc's scheduled hours for September 30, 2015 were 8am to 4:15pm.

32. Denied.

33. Denied.

34. Denied as stated. Leduc was traveling from home to work, in her personally owned vehicle.

35. Denied. Leduc was traveling to work. Travelling from home to work is not acting in furtherance of an employer's interests, pursuant to well established "coming and going rule".

(R.R. at 106-108.) On April 7, 2017, the City filed a reply brief in support of its summary judgment motion attaching a copy of its belated response to the Request for Admissions. (R. Item 27.) On April 18, 2017, the trial court denied the City's motion for summary judgment on the ground that "[t]here are multiple issues of fact present for a jury to consider, including and not limited to the special circumstances of Defendant Leduc's employment responsibilities." (Docket Entries, R.R. at 35-36.)

On May 1, 2017, Plaintiffs filed a motion in limine in which they asserted that they had relied on the City's admission of the requests for admissions and would be prejudiced if the City were permitted to withdraw those admissions months after the discovery deadline and a month before the case was to go into the trial pool and requested that the items in the Request for Admissions be deemed

5

admitted. (R. Item 31, Plaintiffs' Motion in Limine ¶¶22, 24-26, 28, 30 and Memorandum of Law at 9-10.) On May 11, 2017, the City timely filed a response opposing Plaintiffs' motion in limine. (R. Item 32.) A jury trial was held from May 15, 2017 to May 17, 2017. On May 15, 2017, before the start of trial, the trial court heard argument on Plaintiffs' motion in limine. In response to the trial court's inquiry, the City stated that the reason for its failure to timely respond to the Request for Admissions was that it "fell through the cracks." (5/15/17 N.T. at 19-22, R.R. at 124-125.) Following argument, the trial court ruled that the Requests for Admissions at issue were deemed admitted and that based on these admissions, Officer Leduc was acting within the scope of her employment at the time of the accident. (*Id.* at 29-31, R.R. at 127.)

At trial, Plaintiffs read in evidence Requests Nos. 30, 34 and 35 and other items in the Request for Admissions that are not at issue here. (5/16/17 N.T. at 18-24, R.R. at 174-175.) Plaintiffs and the City read into evidence Officer Leduc's deposition testimony concerning the accident, the fact that she was on her way to testify in court and was in uniform and carrying her service weapon, her work hours and schedule, and her use of her personal vehicle. (5/15/17 N.T. at 155-80, R.R. at 158-164; 5/16/17 N.T. at 59-73, R.R. at 184-188.) Although the City did not move for a nonsuit at the end of Plaintiffs' case or for a directed verdict at the close of all the evidence, the City did renew its objection to the trial court's ruling that it was vicariously liable for Officer Leduc's actions as a matter of law after all parties had rested and before the jury was charged. (5/16/17 N.T. at 84-86, 92-95, R.R. at 190-193.) The trial court, over the City's objection, instructed the jury that "it was determined that the defendant, Yvette Leduc, was at the time of the occurrence acting as an employee of the other defendant, City of Philadelphia" and that "if you find the

defendant, Yvette Leduc, to be liable, then you must find the defendant, City of Philadelphia, also liable." (*Id.* at 92, R.R. at 192; 5/17/17 N.T. at 59, R.R. at 215.) On May 17, 2017, the jury returned a verdict for Plaintiffs against Officer Leduc and the City awarding Plaintiff Joers $246,237.70 in damages for her injuries and awarding Plaintiff D'Abruzzo $10,000 for loss of consortium. (Verdict Sheet, R.R. at 224-225.)

On May 26, 2017, the City filed a motion for post-trial relief, asserting that the trial court erred in granting Plaintiffs' motion in limine and seeking judgment notwithstanding the verdict (JNOV) in its favor on the ground that Officer Leduc was not acting in the scope of her employment at the time of the accident. (R. Item 37.) Plaintiffs filed a motion to add delay damages to the verdict, and neither Plaintiffs nor Officer Leduc filed any post-trial motions. (Docket Entries, R.R. at 38.)

On October 5, 2017, the trial court entered an Order and Decision denying the City's post-trial motion and granting Plaintiffs' motion for delay damages, and entered judgment against the City in the amount of $258,838.69. The trial court held the City was not entitled to JNOV because its vicarious liability for the accident was conclusively established by its deemed admission of Requests Nos. 6, 17, 27, and 30-35 of Plaintiffs' Request for Admissions. (10/5/17 Trial Court Op. at 6-8.) The trial court ruled that these items were deemed admitted under Pa. R.C.P. No. 4014 when the City did not respond to the Request for Admissions within 30 days and that the City could not withdraw the admissions because it did not show any compelling reason for its untimeliness or file a motion to withdraw or amend the admissions and because its failure to deny the requests until well after the discovery deadline and less than two months before trial prejudiced Plaintiffs. (*Id.* at 9-14; 11/20/17 Trial Court Op. at 3.) In addition, the trial court ruled that the City's post-

7

trial motion was barred by waiver because the City did not file a motion for compulsory nonsuit or directed verdict at trial. (10/5/17 Trial Court Op. at 13-14; 11/20/17 Trial Court Op. at 1-2.). On November 3, 2017, the City timely appealed.

In this Court, the City asserts that the trial court erred in deeming Plaintiffs' Requests for Admissions conclusively admitted and in ruling that the City was barred by waiver, and argues that it was entitled to JNOV because without the deemed admissions, the evidence established as a matter of law that Officer Leduc was not acting in the scope of her employment at the time of the accident.[2] We conclude that the trial court erred in holding that the City was barred by waiver, but reject the City's contention that it was entitled to avoid its deemed admissions. Because the City's deemed admissions establish its vicarious liability for the accident, we do not address whether the other evidence before the trial court established that Officer Leduc was acting in the scope of her employment.

The record does not support the trial court's conclusion that the City failed to preserve its claims of error at trial. As the trial court correctly noted, a party waives the right to seek JNOV on the ground that the evidence is insufficient to support the verdict if it does not move for a nonsuit or directed verdict at trial. *Chin v. New Flyer of America, Inc.*, 169 A.3d 689, 699 (Pa. Cmwlth. 2017); *Department of General Services v. U.S. Mineral Products Co.*, 927 A.2d 717, 725 (Pa. Cmwlth.

---

[2] This Court's review of the denial of a motion for JNOV is limited to determining whether the trial court abused its discretion or committed an error of law. *Dooner v. DiDonato*, 971 A.2d 1187, 1193 (Pa. 2009). The trial court's ruling that the Requests for Admissions were deemed admitted is a question of law subject to this Court's plenary review. *Krepps v. Snyder*, 112 A.3d 1246, 1251 (Pa. Super. 2015); *see also Hysong v. Lewicki*, 811 A.2d 46, 49 (Pa. Cmwlth. 2002). Waiver is likewise an issue of law subject to our plenary review. *Straub v. Cherne Industries*, 880 A.2d 561, 566 n.7 (Pa. 2005). The City did not seek a new trial in its post-trial motion and stated at oral argument that it is seeking only judgment in its favor as a matter of law in this appeal and not a new trial.

8

2007), *aff'd*, 956 A.2d 967 (Pa. 2008).  The purpose of this requirement is to present the issue to the trial judge "for initial evaluation during trial, when the proofs are still fresh."  *U.S. Mineral Products Co.*, 927 A.2d at 725.

Whether the City was entitled to post-trial relief, however, did not turn on an evaluation of the sufficiency of evidence introduced at trial.  The trial court had ruled at the start of trial that Officer Leduc was acting in the scope of her employment as a matter of law on the ground that the issue was conclusively determined by the City's deemed admissions.  (10/5/17 Trial Court Op. at 6-7; 5/15/17 N.T. at 29-31, R.R. at 127; 9/19/17 Hearing Transcript at 19, R.R. at 231.)  The City timely opposed Plaintiffs' motion in limine that sought that ruling and reiterated its objection to that ruling at the close of the evidence.  (R. Item 32; 5/15/17 N.T. at 4-31, R.R. at 120-127; 5/16/17 N.T. at 84-86, 92-95, R.R. at 190-193.)  Given the trial court's ruling that the City was vicariously liable regardless of the evidence introduced at trial, the City could not obtain a nonsuit or directed verdict on the ground that the evidence was insufficient to support a determination that Officer Leduc was within the scope of her employment.  Failure to make a motion that is clearly futile in light of the trial court's other rulings does not constitute a waiver.  *Commonwealth v. Myers*, 403 A.2d 85, 87 (Pa. 1979); *In re Silverberg*, 327 A.2d 106, 108-09 n.3 (Pa. 1974); *Commonwealth v. McGeth*, 622 A.2d 940, 943 (Pa. Super. 1993), *aff'd without op.*, 636 A.2d 1117 (Pa. 1994).

Although the City preserved its claims of error at trial, its argument that it cannot be bound by deemed admissions fails on the merits.  Under Rule 4014 of the Pennsylvania Rules of Civil Procedure, where a written request for admissions is served on a party, "[e]ach matter of which an admission is requested … is admitted unless, within thirty days after service of the request, or within such shorter or longer

time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney." Pa. R.C.P. No. 4014(b). Rule 4014 furthers provides:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 212.3 governing pre-trial conferences, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him or her in maintaining the action or defense on the merits. …

Pa. R.C.P. No. 4014(d). "Requests for admissions pursuant to Rule 4014 are a discovery tool intended to clarify issues, expedite the litigation process, and promote a decision based on the merits." *Stimmler v. Chestnut Hill Hospital*, 981 A.2d 145, 160-61 n.18 (Pa. 2009).

The City argues that although it did not timely answer or object to the Request for Admissions, the trial court erred in deeming Requests Nos. 6, 17, 27, and 30-35 admitted because the failure to timely answer was inadvertent, the admissions were contrary to Officer Leduc's testimony and deprived the City of its defense, and Plaintiffs were not prejudiced by the delay in serving the answers.

Failure to respond within 30 days to a Rule 4014 request for admissions is sufficient by itself for the matters in the request to be deemed admitted. Pa. R.C.P. No. 4014(b); *Thunberg v. Strause*, 682 A.2d 295, 300 n.5 (Pa. 1996); *Borough of Mifflinburg v. Heim*, 705 A.2d 456, 465 (Pa. Super. 1997); *Richard T. Byrnes Co. v. Buss Automation, Inc.*, 609 A.2d 1360, 1367 (Pa. Super. 1992). Here, because the City did not respond to Plaintiffs' Request for Admissions within 30 days, all of the

10

items in that Request for Admissions were properly deemed admitted under Rule 4014(b) regardless of whether the failure to respond was inadvertent. Contrary to the City's contention, the balancing test of *City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Breary)*, 985 A.2d 1259 (Pa. 2009) has no applicability to this case. *Breary* involved the question of discovery sanctions for failure to produce requested documents, not the interpretation of Rule 4014. It is the language of Rule 4014 and the case law interpreting Rule 4014 that govern the legal effect of a failure to respond to requests for admissions.

Under Rule 4014(d), a trial court should allow withdrawal of admissions resulting from failure to timely respond and not deem the matters admitted "where upholding the admission would practically eliminate any presentation of the merits of the case; where withdrawal would prevent manifest injustice; and where the party who obtained the admissions failed to prove that withdrawal would result in prejudice to that party." *Dwight v. Girard Medical Center*, 623 A.2d 913, 916 (Pa. Cmwlth. 1993); *see also Stimmler*, 981 A.2d at 160-61 n.18; *Hysong v. Lewicki*, 811 A.2d 46, 50 (Pa. Cmwlth. 2002); *Estate of Borst v. Edward Stover Sr. Testamentary Trust*, 30 A.3d 1207, 1211-12 & n.5 (Pa. Super. 2011). The test of whether the opposing party is prejudiced by the withdrawal of the admissions is whether that party "is rendered less able to obtain the evidence required to prove the matters which had been admitted." *Dwight*, 623 A.2d at 916; *see also Krepps v. Snyder*, 112 A.3d 1246, 1253 (Pa. Super. 2015). Granting judgment on deemed admissions is reversible error where there is no bad faith by the responding party or prejudice from the delay to the party who sought the admissions. *Dwight*, 623 A.2d at 916; *Estate of Borst*, 30 A.3d at 1209, 1211-12 & n.5

11

The trial court did not apply this standard and erred in holding that the City was required to show compelling reasons for the lateness of its response. Those errors, however, do not require reversal because the City's extreme delay here was prejudicial to Plaintiffs. A key factor in determining whether withdrawal of admissions is prejudicial is the timing of the late responses in relation to the commencement of trial. *Krepps*, 112 A.3d at 1253-54 (no prejudice from withdrawal of admissions because the late responses to the requests for admissions were served 18 months before trial and opposing party had opportunity to take discovery after receiving the late responses). The City did not merely file its answers to the Request for Admissions months late; it did not deny any of the Requests for Admissions until three months after the discovery deadline, at a time when trial was imminent and no reopening of discovery was possible. Plaintiffs were entitled to rely on the City's admissions and forgo depositions of police department witnesses concerning Officer Leduc's duties and use of her personal car to travel to court that could establish facts to prove that she was acting within the scope of her employment at the time of the accident.[3] Although Plaintiffs were aware shortly before the discovery deadline that Officer Leduc's shift did not start until 8:00 a.m. on the day of the accident and that two of the Requests, Nos. 27 and 30, were inaccurate, the Requests for Admissions at issue went beyond the facts in those two requests and Officer Leduc contended that she was acting within the scope of her employment despite those facts. Allowing a party, whether plaintiff or defendant, to withdraw admissions after discovery has closed and cannot be reopened, as the City seeks to do here, would require parties to

---

[3] Contrary to the City's assertions, it did not substantially comply with its obligations under Rule 4014 through answers to other discovery. While the City did answer interrogatories on September 9, 2016, those answers stated that the City did not have information concerning Officer Leduc's work schedule and her work and her activities on the day in question and would provide information later. (Plaintiffs' Interrogatories to City Nos. 5-6, 8-17, 20-24, R.R. at 112-114; City Answers to Interrogatories Nos. 5-6, 8-17, 20-24, R.R. at 116-117.)

protect themselves by taking discovery on matters admitted by their opponent and effectively defeat the purposes of Rule 4014 to narrow the issues in dispute and expedite the litigation process.

The City also argues that the requests could not be deemed admitted because they sought admission of law rather than facts. This argument likewise fails.

Conclusions of law do not fall within the permissible scope of a request for admission under Rule 4014 and cannot be deemed admitted for failure to timely respond to a request for admissions. *American Electric Power Service Corp. v. Commonwealth*, 184 A.3d 1031, 1038 (Pa. Cmwlth. 2018) (*en banc*); *Dwight*, 623 A.2d at 916; *Estate of Borst*, 30 A.3d at 1212. Rule 4014, however, does not restrict admissions to pure factual statements. Rather, it provides that a party may request that the opposing party admit the truth of "statements or opinions of fact or of the application of law to fact." Pa. R.C.P. No. 4014(a).

None of the requests here are pure conclusions of law. Requests Nos. 6, 27, 30, 31, 34 and 35 sought admissions of facts concerning Officer Leduc's work schedule and the purposes of her travel to court. Requests Nos. 17, 32, and 33 sought admissions that Officer Leduc's conduct at the time of the accident was within the scope of her employment. Whether an employee's accident was within the scope of her employment is a mixed issue of law and fact. *Costa v. Roxborough Memorial Hospital*, 708 A.2d 490, 493 (Pa. Super. 1998) (scope of employment in vicarious liability cases is ordinarily a question of fact for the jury); *Ferrell v. Martin*, 419 A.2d 152, 155 (Pa. Super. 1980), *appeal dismissed as improvidently granted*, 452 A.2d 1018 (Pa. 1982) (scope of employment is ordinarily a question fact but is an issue of law for the court where the facts are undisputed). These requests were therefore

13

proper under Rule 4014 as requests for admissions on the application of law to the facts.

For the foregoing reasons, we conclude that the trial court did not err in holding that the City was bound by conclusive admissions that the accident was within the scope of Officer Leduc's employment. The trial court's order entering judgment against the City is therefore affirmed.

**JAMES GARDNER COLINS, Senior Judge**

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra Joers and Ralph D'Abruzzo, II  :
:
v.  :
: No. 1659 C.D. 2017
City of Philadelphia and Yvette Leduc  :
:
Appeal of: City of Philadelphia  :


# ORDER

AND NOW, this 19th day of July, 2018, the judgment of the Court of Common Pleas of Philadelphia County in the above-captioned matter is AFFIRMED.


_____
**JAMES GARDNER COLINS, Senior Judge**