J-A03002-25

J-A03003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DALIN FUNDING, LP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BIZ AS USUAL, LLC, AND ANTOINE GARDINER | : | |
| | : | No. 446 EDA 2024 |
| Appellants | : | |

Appeal from the Order Entered January 5, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 211001741

| | | |
|---|---|---|
| DALIN FUNDING, LP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BIZ AS USUAL, LLC AND ANTOINE GARDINER | : | |
| | : | No. 1563 EDA 2024 |
| Appellants | : | |

Appeal from the Order Dated May 7, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No: October Term 2021, NO. 01741

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 19, 2025**

These appeals, which we consolidate for disposition pursuant to Pa.R.A.P. 513, arise from the same lower court docket number and involve the same parties; therefore, we will address them together.  Appellants, Biz

J-A03002-25

J-A03003-25

As Usual, LLC, and Antoine Gardiner (collectively "BAU"), appeal from the January 5, 2024, judgment of $1,570,874.59 entered in favor of Appellee Dalin Funding, LP ("Dalin"). BAU now challenges the granting of summary judgment on the ground that there existed genuine issues of material fact as to whether it had defaulted on real estate loans obtained from Dalin. Upon review, we find merit in that issue; vacate the order of summary judgment; and remand for further proceedings.

Between 2009 and 2010, Dalin extended three loans to the third party, Jeaneen Gant, which were secured by mortgages on three properties. Motion for Summary Judgment, 9/1/23, at ¶ 7-8. For each loan, Gant executed a promissory note, an open-end mortgage and security agreement, and an assignment of rents, leases, and profits. *Id.* at ¶ 8. Gant was required to repay all sums due under the mortgage, note, and other loan documents, and required any modifications to be in writing. *Id.* at ¶ 9. The definition of "event of default" in the notes included "the nonpayment of any principal, interest or other indebtedness under this Note when due[.]" Complaint in Confession of Judgment, 10/21/21, Exhibits 1, 6, 13 at ¶ 9. Each note also contained a provision which allowed Dalin to confess judgment in the event of a default. *Id.* at section 10. Each mortgage similarly provided that failure to make the required payments constitutes an event of default, and that upon a default, Dalin may accelerate the debt and/or confess judgment. *Id.*, Exhibits 2, 9, 16 at ¶¶ 6, 7.

On August 23, 2012, BAU, acting through Gardiner as its managing member, purchased Gant's properties and transferred the deeds to BAU. *Id.*, Exhibits 4, 11, 18. On March 19, 2013, BAU assumed the mortgages on each property, executed promissory notes, and signed guaranty and suretyship agreements. *Id.*, Exhibits 5-7, 12-14, 19-21. These documents were then forwarded to FCI, Dalin's loan servicer. Motion for Summary Judgment, 10/21/21, at ¶ 16.

BAU ceased making payments on the loans in early 2014. *Id.* at ¶ 17. BAU filed a Chapter 11 voluntary petition for bankruptcy in 2015 and listed Dalin as a secured creditor. *Id.* at ¶ 18. Following BAU's bankruptcy filing, it continued to recognize Dalin as a mortgage holder on the properties subject to the loans. *Id.* at ¶ 22. In 2016, 2017 and 2019, BAU listed Dalin as the mortgage holder while seeking and/or renewing property insurance. *Id.* at ¶¶ 23-25.

On October 21, 2021, Dalin filed a complaint in confession of judgment for $1,570,874.59, and attached copies of the original loan documents between Dalin and Gant, the documents transferring the properties from Gant to BAU, the assumption of mortgages signed by BAU, as well as promissory notes and guaranty and suretyship agreements between Dalin and BAU. Dalin filed an affidavit of service on February 15, 2022, and attached a copy of the signed return receipt. On March 18, 2022, BAU filed a petition to open Dalin's

confessed judgment.[1]  In it, BAU argued (1) it was not properly served with the complaint; (2) that the debts were satisfied on August 2, 2012; and (3) that the signatures of Gardiner on the mortgage assumptions and promissory notes were fraudulent.  BAU attached mortgage satisfactions for each property, consisting of three pages – the satisfaction purportedly signed by Dalin in August 2012, the signature of a notary public dated August 2, 2012, and the legal description of the property.  BAU also attached a report by a certified document examiner which concluded that Gardiner's signatures on the mortgage assumptions were written by someone other than Gardiner.  The confessed judgment was opened on June 14, 2022.

Dalin filed a petition to appoint a receiver on April 7, 2022, which was denied after bifurcated hearings.  During the receivership hearings, and relevant to this appeal, Gardiner, as managing member of BAU, testified that he owned the subject properties, and that Gant was merely a straw purchaser. N.T. Hearing, 7/5/22, at 98.  He further testified that Dalin agreed in 2010 that Dalin would collect rent from all his properties, even those Dalin did not have a mortgage on, for a period of 43 months.  *Id.* at 23-24.  At the end of that period, all Gardiner's mortgages, including those properties in the name of a straw purchaser, would be satisfied.  *Id.*  Thus, Gardiner believed all his debts, including the three Gant loans, were satisfied at the end of 2013.  *Id.*

_____

[1] We could not locate an order entering the confessed judgment in the record pursuant to Pa.R.Civ.P. 2956 ("The prothonotary shall enter judgment in conformity with the confession.").

Because the Gant mortgages were satisfied, Gardiner transferred the properties from Gant to BAU. *Id.* at 98-99.

Gardiner explained in his deposition that at some point, Dalin suggested to Gardiner that he find someone else to put the properties' names in because his private investors "wouldn't like that [Dalin] was giving [Gardiner] so many loans." N.T. Deposition of Gardiner, 1/17/23, at 65. Gant, who shares a child with Gardiner, agreed to be the straw purchaser for the subject properties. *Id.* at 61, 64. Since Dalin was aware that Gant was merely a straw purchaser, Gardiner believed the parties' 2010 agreement included the subject properties.

Dalin served BAU with its first set of requests for admission pursuant to Pennsylvania Rule of Civil Procedure 4014 on November 9, 2022, and sought admissions concerning BAU's assumption of the Gant mortgages, and whether BAU was in default on each loan. *See* Motion to Compel Discovery, 12/19/22, Exhibit C. BAU did not answer, object, or respond within 30 days or at any time before the initial February 6, 2023, discovery deadline. As a result, the trial court issued an order that Dalin's requests for admissions were deemed admitted by BAU. *See* Pa.R.Civ.P. 4014(b); Order, 1/10/23.

Dalin filed a motion for summary judgment on August 24, 2023, and a corrected motion on September 1, 2023. Dalin claimed that there was no dispute of material fact because BAU admitted, by not objecting to the requests for admissions, that it assumed the Gant loans and that it was in

default on each loan. It further argued that BAU's defense, that the parties reached an oral agreement in 2010 which satisfied BAU's loans, was incredible because BAU did not assume the Gant loans until 2013. On October 18, 2023, BAU filed a motion to withdraw deemed admissions and to vacate the January 10, 2023, order declaring as such. BAU filed an answer to Dalin's summary judgment on October 20, 2023.

The trial court denied BAU's motion to withdraw deemed admissions on December 7, 2023. On January 5, 2024, the trial court granted summary judgment in favor of Dalin and entered judgment in the amount of $1,570,874.59 plus interest and attorneys' fees and costs. BAU filed a timely notice of appeal on February 1, 2024 (446 EDA 2024). Thereafter, the trial court issued an order which provided, in part, that the stay of execution imposed on March 23, 2022, was lifted. BAU filed a second appeal, challenging the trial court's authority to lift the stay of execution (1563 EDA 2024). Both the trial court and BAU complied with Pa.R.A.P. 1925.

At docket 446 EDA 2024, BAU raises twelve issues for our review, all related to the trial court's grant of summary judgment. However, one issue is dispositive:

> Whether the trial court erred in failing to apply the proper standard of review for summary judgment – whether there is a genuine issue as to any material fact – and resolving all doubts as to the existence of a genuine issue of material fact against the moving party.

BAU's Brief, at 6. BAU claims that the trail court (1) disregarded Gardiner's testimony regarding the validity of the documents used to support summary judgment; (2) failed to view the record in a light most favorable to BAU as the non-moving party; and (3) improperly determined credibility to find there was no dispute of material fact. *Id.* at 45.

In reviewing the grant or denial of summary judgment, the standard of review is *de novo*, and our scope of review is plenary. *Khalil v. Williams*, 278 A.3d 859, 871 (Pa. 2022).

> We have explained that a trial court should grant summary judgment only in cases where the record contains no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. It is the moving party's burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the non-moving party. . . . An appellate court may reverse a grant of summary judgment only if the trial court erred in its application of the law or abused its discretion.

*Id.* "[C]redibility of evidence is not a proper consideration at the summary judgment stage because the trial court may not enter judgment when the evidence depends on oral testimony." *Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 643, 652 (Pa. Super. 2002) (citation omitted). "A witness['] credibility is a determination for the jury and necessarily creates a genuine issue of material fact." *Gruenwald v. Advanced Comput. Applications, Inc.*, 730 A.2d 1004, 1009 (Pa. Super. 1999) (citation omitted).

Here, the trial court granted summary judgment because it determined that BAU admitted to being in default on its loans, so there was no genuine issue of material fact:

> First, Dalin has established it is the holder of the executed restated notes on the BAU Properties. Second, pursuant to this court's January 10, 2023 Order, "Plaintiff's Request for Admission are deemed admitted by [BAU]." As a result, Mr. Gardiner has admitted he executed the mortgage assumptions, restated promissory notes, and guarantees for each of the BAU Loans, that the loans have matured, and that Mr. Gardiner is in default for non-payment for each of the loans. Additionally, Mr. Gardiner has never disputed he did not make the required payments on the BAU Loans, but instead contends those loans were satisfied pursuant to a 2010 oral agreement (that according to Mr. Gardiner was not memorialized until August 2012)[.] Third, Dalin has produced evidence that, based on Mr. Gardiner's default on the BAU Loans, it has been damaged in the amount of $1,570,874.59.

Trial Court Opinion, 4/4/24, at 8. The admission of default was based on BAU's failure to object or respond to Dalin's requests for admissions. During the discovery phase, Dalin requested the following admissions for each loan:

1. Admit that on [date], Jeaneen Gant executed an Open-End Mortgage and Security Agreement . . . as security for a loan of [amount] from [Dalin], which encumbers [address].

2. Admit that [BAU] assumed the [loan] on March 19, 2013.

3. Admit that on March 19, 2013, [BAU] signed a restated Promissory Note . . . which increased the principal amount and extended the maturity date of the [loan].

4. Admit that on March 19, 2013, [BAU] signed a Guaranty and Suretyship Agreement . . . to repay the [loan].

5. Admit that [BAU is] in default of the Restated Note and the Guaranty.

Motion to Compel Discovery, 12/19/22, Exhibit C (First Set of Requests for Admissions).

Requests for admissions "are a discovery tool intended to clarify issues, expedite the litigation process, and promote a decision based on the merits." *Joers v. City of Philadelphia*, 190 A.3d 797, 804 (Pa. Cmwlth. 2018). They are governed by Pennsylvania Rule of Civil Procedure 4014, which provides:

> A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rules 4003.1 through 4003.5 inclusive set forth in the request that relate to statements or opinions of fact or the application of law to fact, including the genuineness, authenticity, correctness, execution, signing, delivery, mailing or receipt of any document described in the request.

Pa.R.Civ.P. 4014(a). Each matter is deemed admitted unless "within thirty days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission an answer . . . or an objection[.]" Pa.R.Civ.P. 4014(b). "Conclusions of law do not fall within the permissible scope of a request for admission under Rule 4014 and cannot be deemed admitted for failure to timely respond to a request for admissions." *Joers*, 190 A.3d at 805.

As written, Dalin's requests for admissions regarding the breach of each loan were conclusions of law that could not be deemed admitted under Rule 4014. The requests do not allege material facts that would constitute a breach, as they failed to set forth: (1) the material terms of the original agreements with Gant; (2) the terms of the restated loan documents; (3)

BAU's conduct which allegedly created the breach, *i.e.*, nonpayment; and (4) that BAU was not entitled to stop payment on the loans. The requests concerning whether BAU was in default on each loan go well beyond requests for "opinion of fact" or "application of law to fact" permitted by Rule 4014. *See Brindley v. Woodland Village Restaurant, Inc.*, 652 A.2d 865, 872 (Pa. Super. 1995) (requests stating that a party was negligent or not negligent, as well as requests that set forth damages, were conclusions of law not subject to Rule 4014).

In addition to the deemed admissions, the trial court found there was no genuine issue of material fact because BAU's two defenses – that the debt was satisfied per an oral agreement between the parties in 2010 and that the 2013 restated notes, mortgage assignments, and modified mortgage agreements provided by Dalin were forgeries – "are not only implausible and illogical, but have no support in the record or in the law." Trial Court Opinion, 4/4/24 at 11. It then provided nine reasons why BAU's argument that the parties had a 2010 oral agreement was defective, s*ee id.* at 9-11, and six additional reasons why the argument that the 2013 modified loan documents submitted by Dalin were forgeries was defective, *see id.* at 12-14.

In reviewing those reasons, it appears that the trial court relied upon credibility determinations to find that there is no genuine issue of material fact:

- "First, Mr. Gardiner claims the parties reached this agreement in 2010, three years *before* Mr. Gardiner assumed the loans on the BAU properties." *Id.* at 9.[2]

- "Finally, how Mr. Gardiner, upon receiving such a fantastic offer from Dalin . . . would not save a single scrap of paper evincing such an agreement does not seem possible." *Id.*

- "If the parties already had agreed that all of Mr. Gardiner's loans would be satisfied in exchange for allowing Dalin to collect rent on his properties for 43 months, why would Dalin, shortly after memorializing the 2010 oral agreement in August 2012, attempt to conspire with Ms. Gant to forge signatures on loan modifications for mortgages that were already satisfied?" *Id.* at 12-13.

- "Mr. Gardiner's claim that these documents are forgeries is illogical." *Id.* at 13.

In contrast,

Here, viewing the evidence in the light most favorable to BAU as the non-moving party as required, we are constrained to conclude that summary judgment was not warranted. Dalin alleged facts sufficient to establish a *prima facie* case of breach of contract. However, there is a discrepancy as to when, and if, the loans were assumed by BAU and whether the loans were satisfied. Gardiner testified that Dalin requested that some of his properties be put into another person's name because of potential concerns by Dalin's private investors. The subject properties were placed in Gant's name, who shares a child with Gardiner. Gardiner testified that he owned the subject

---

[2] This ignores Gardiner's testimony that Dalin was aware that Gant was merely a straw purchaser for the subject properties, and Gardiner's belief that the subject properties were included in the 2010 agreement.

properties, that Gant was merely a straw purchaser, and Dalin was aware of this arrangement.

Gardiner testified that he and Dalin reached an oral agreement in 2010 wherein Dalin would collect rent on all Gardiner's properties, even those not subject to the loans, for a period of 43 months. At the end of that period, all of Gardiner's loans, including those in the name of a straw purchaser, would be satisfied. Additionally, Gardiner claimed that Dalin would sign and provide Gardiner/BAU with mortgage satisfaction pieces to be filed at the end of 2013. BAU submitted purported satisfaction of mortgage pieces dated August 9, 2012, to prove that the loans were satisfied.

In contrast, Dalin claimed that BAU purchased the three loans from Gant on August 23, 2012, evidenced by the filing of deeds for the Gant properties in the name of BAU. As a result, on March 19, 2013, BAU executed mortgage assumption agreements and restated promissory notes for the benefit of Dalin. Dalin contends that the parties agreed to decrease the interest rate from, extend the maturity date of the loans and increase the principal amount. Gardiner also executed guaranty and suretyship agreements to guarantee the repayment of the Gant loans. Dalin argued that it could not have entered into an agreement with Gardiner/BAU to satisfy the Gant loans in 2010 because BAU did not acquire the properties until 2012.[3]

_____

[3] We note that in the companion cases, **Dalin v. Gardiner**, 445 EDA 2024 and 1591 EDA 2024, Dalin mistakenly attached an open-end mortgage and
*(Footnote Continued Next Page)*

- 12 -

In granting summary judgment, the trial court usurped the role of the factfinder by determining that Gardiner's oral testimony, as managing member of BAU, was incredible in order to resolve issues of material fact. ***See DeArmitt***, ***supra.*** Because it is the sole province of the factfinder at trial to determine the credibility of witnesses, including Gardiner, the trial court erred in granting summary judgment. Moreover, the trial court resolved any doubts as to the existence of material facts in favor of the moving party Dalin, which is not the correct standard for summary judgment. ***See Khalil, supra*** (explaining that, on a motion for summary judgment, the trial court must make reasonable inferences in a light most favorable to the non-moving party).

Accordingly, this Court concludes that the trial court erred as a matter of law in granting Dalin's motion for summary judgment. We, therefore, vacate the trial court's order and remand for additional proceedings.

In the consolidated appeal docketed at 1563 EDA 2024, BAU challenges the trial court's authority to lift the stay of execution. On March 23, 2022, the trial court issued a rule to show cause why BAU's petition to strike or open confession of judgment should not be granted. The Order provided that "[e]xecution proceedings, if any, are STAYED until further order." Order,

---

security agreement between it and BAU dated April 30, 2010, to its complaint in confession of judgment. This evinces a professional relationship between Dalin and BAU dating back to 2010.

3/23/22. The trial court lifted the stay by order on May 6, 2024, after the notice of appeal was filed in docket 446 EDA 2024.

Based on our disposition of 446 EDA 2024, vacating the summary judgment order, the appeal at 1563 EDA 2024 is now moot. We have explained the doctrine of mootness as follows:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to the intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*M.B.S. v. W.E.*, 232 A.3d 922, 927 (Pa. Super. 2020) (citation omitted). Mootness may be raised *sua sponte* because this Court "cannot decide moot or abstract questions, nor can we enter a judgment or decree which effect cannot be given." *Id.* (citation omitted). Because we have vacated the grant of summary judgment, there is no judgment that could be executed. Therefore, the lifting of the stay of execution is moot.

Summary judgment order vacated at 446 EDA 2024; case remanded for further proceedings consistent with this memorandum. Appeal at 1563 EDA 2024 dismissed as moot. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/19/2025</u>